IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02274-BNB

DANNY MARTINEZ,

    Plaintiff,

v.

JOHN CLANCY,
MARY CARNELL, and
APRIL CALDWELL,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Danny Martinez, has filed *pro se* a Prisoner Complaint (ECF No. 7) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to

allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The claims Mr. Martinez asserts in the Prisoner Complaint arise out of his incarceration at the Cheyenne Mountain Reentry Center in Colorado Springs, Colorado. Mr. Martinez specifically alleges that he is being denied adequate medical treatment. However, he fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege specific facts in support of his claims that demonstrate his constitutional rights have been violated and how the named Defendants personally participated in the asserted constitutional violations. In order to state a cognizable claim that his Eighth Amendment rights have been violated as a result of inadequate medical care, Mr. Martinez must allege that he has suffered a sufficiently serious injury and that Defendants acted with deliberate indifference to his

serious medical needs.  *See Self v. Crum*, 439 F.3d 1227, 1230-33 (10th Cir. 2006) (discussing Eighth Amendment standards for medical treatment claims by prisoners). Although Mr. Martinez alleges generally in the Prisoner Complaint that he has been denied medications and diabetic meals and snacks, he fails to allege what each Defendant has done or failed to do in connection with the alleged denial of medications and diabetic meals and snacks.  Instead, Mr. Martinez refers to a prior document filed in this action for more specific allegations.  However, the court has reviewed the document to which Mr. Martinez refers (ECF No. 1) and that document also lacks specific factual allegations that demonstrate how the named Defendants allegedly have violated his rights.

For these reasons, Mr. Martinez will be directed to file an amended pleading that includes all of his claims and supporting factual allegations if he wishes to pursue any claims in this action.  For each claim Mr. Martinez asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Martinez must show that each Defendant caused the deprivation of a federal right.

*See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Martinez file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Martinez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Martinez fails to file an amended complaint that

complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 1, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge